| | | |
|---|---|---|
| WILLIAM LITTLE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 09-619-P-H |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

# REPORT AND RECOMMENDED DECISION[1]

In this Social Security Disability ("SSD") appeal, the plaintiff contends that the administrative law judge wrongly failed to find that his somatization disorder was a severe impairment, and that her finding that the plaintiff could not travel in a vehicle prevented her from concluding that there were a significant number of jobs in the national economy that he could perform. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff was insured for SSD benefits only through December 31, 2007, Finding 1, Record at 10; that, through the date last insured, he suffered from a generalized anxiety disorder, an impairment that was severe but did

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 17, 2010, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

not meet or medically equal the criteria of any of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 3-4, *id*. at 11; that, through the date last insured, the plaintiff had the residual functional capacity ("RFC") to lift or carry up to 50 pounds, could sit, stand, walk, bend, stoop, or use his hands without restrictions, should avoid exposure to poor air quality, fumes, odors such as perfumes, airborne particulates, heat, and humidity, should be indoors in an air-conditioned environment during hot weather, and should not drive or be a passenger in a vehicle, Finding 5, *id*. at 12; that he was unable to perform his past relevant work, Finding 6, *id*. at 13; that, given his age (30 years old on the date last insured), at least a high school education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could have performed as of the date last insured, Findings 7-10, *id*. at 13-14; and that, therefore, the plaintiff was not under a disability as that term is defined in the Social Security Act at any time through the date last insured, Finding 11, *id*. at 15. The Decision Review Board affirmed the administrative law judge's decision, *id*. at 1-4, making it the final determination of the commissioner, 20 C.F.R. §405.450(a); *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform

work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Step 2 Issue

The plaintiff contends that the administrative law judge should have found that he also suffered from the severe impairment of a somatization disorder at Step 2 of the sequential evaluation process. Plaintiff's Itemized Statement of Error ("Itemized Statement") (Docket No. 10) at 2-6. The administrative law judge's opinion does not mention a somatization disorder.

The plaintiff relies on the diagnosis of Dr. Sobchuk, his treating psychologist. *Id*. at 3-4. Dr. Sobchuk, whose records are dated from May 18, 2009, through June 11, 2009, Record at 456-75, initially diagnosed the plaintiff on May 18, 2009, as suffering from "Panic Attack [with] Agoraphobia" and "Unspecified Med[ical] D[iagnosis] – Noxious Fumes?" *Id*. at 462. His first

mention of a somatization disorder appears on June 11, 2009. *Id*. at 473, 475. He ties this diagnosis to the plaintiff's intolerance of odors and fumes. *Id*. at 473.

There are at least two problems with the plaintiff's reliance on Dr. Sobchuk's diagnosis. First, the diagnosis occurred in 2009 and was not by its terms retrospective. Dr. Sobchuk does not suggest that the somatization disorder was present before December 31, 2007, the date last insured.[2] The treatment records from that period list only the generalized anxiety disorder, *id*. at 440-49, which the administrative law judge found to be a severe impairment before the date last insured.

The second problem is that the administrative law judge included in the RFC that she assigned to the plaintiff the only symptoms of the somatization disorder to which Dr. Sobchuk refers – the intolerance of fumes and odors. *Id*. at 12. Thus, any possible error in failing to accept the somatization disorder as a severe impairment at the relevant time would be harmless.

Contrary to the plaintiff's characterization, Itemized Statement at 4, the administrative law judge did not "simply ignore[]" Dr. Sobchuk's report on this issue. If the plaintiff meant to include under his "Step 2" heading the additional limitations Dr. Sobchuk found to be caused by the plaintiff's mental impairments, Itemized Statement at 3-4, the administrative law judge addressed those directly, Record at 13. Her stated reasons for rejecting most of those limitations, or the degree of severity that Dr. Sobchuk assigned to each of them, are sufficient,

---

[2] The plaintiff attempts to overcome this deficiency by citing authority for the proposition that a diagnosis of somatization disorder requires that somatic complaints begin before age 30 and occur over a period of several years, characterizing page 242 of the record as "reflect[ing] that Plaintiff's complaints began no later than 2000, when he was 29 years old, and have continued to the present." Itemized Statement at 4 n.3. That page of the record shows that the plaintiff made certain claims to a medical provider on November 28, 2000, that his workplace was "poisoning" him, but, without expert medical interpretation, neither this court nor an administrative law judge could conclude that this is evidence of a somatization disorder, particularly in the absence of citation to evidence that similar complaints were made, without supporting evidence of medical causation, "over a period of several years." *Id*.

4

particularly in this case, where Dr. Sobchuk was not purporting to make a diagnosis retrospective to the appropriate date.

### B. The Step 5 Issue

The plaintiff fares no better with his challenge to the administrative law judge's decision at Step 5 of the sequential process. He asserts, Itemized Statement at 6-7, that her findings at this stage fail to take into account the final limitation included in the RFC that she assigned to him: "He also should not drive an automobile or be a passenger in a vehicle." Record at 12.

The administrative law judge's opinion states: "I asked the vocational expert whether jobs existed in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." *Id*. at 14. The question which the administrative law judge posed, by means of a written interrogatory, to the vocational expert, upon whose response she relies, was the following:

> Assume an individual who is 37 years old with a high school (12th grade) education and no relevant prior work experience, who can lift and carry up to 50 pounds and who has no limitations in the ability to sit, stand, walk, bend, stoop, or use his hands. However, the individual should avoid exposure to poor air quality, fumes, odors, air-borne particulates, and humidity, and in warm weather the individual should be indoors in an air-conditioned environment. Additionally, work duties should not require the individual to drive or to be a passenger in a vehicle.

*Id*. at 221.

Clearly, the hypothetical question included the travel exclusion. The vocational expert listed three jobs as available to this individual, *id*., none of which the administrative law judge repeated in her opinion, *id*. at 14. At the supplemental hearing before the administrative law judge, held to allow the plaintiff's lawyer to question the vocational expert, *id*. at 18, the plaintiff testified that he had driven himself a distance of 20 miles to see Dr. Sobchuk three times, *id*. at

20-21. The plaintiff's attorney did not ask the vocational expert about the need to travel in a vehicle order to perform any of the three jobs. After the administrative law judge modified the hypothetical question to exclude jobs requiring contact with the public, the vocational expert listed three additional jobs, *id*. at 27-30, which the administrative law judge included in her opinion as available to the plaintiff.

The First Circuit has said that travel difficulties that are "extrinsic" to an individual's claimed disability may not influence the disability determination. *Lopez Diaz v. Secretary of Health, Educ. & Welfare*, 585 F.2d 1137, 1140 (1st Cir. 1978). However, this case presents a situation in which the travel difficulties are "intrinsic" to the disability; that is, it is the disability itself, according to the administrative law judge, that makes it impossible, or extremely difficult, for the plaintiff to move himself from home to work. *See id.* The plaintiff emphasizes that he lives in a "small, isolated town," but that is not a factor which the administrative law judge may consider. *Id*. at 1141-42.

Whether or not the lawyer who represented the plaintiff before the administrative law judge, who does not represent him in this appeal, made a tactical decision for purposes of appeal not to address the apparent incongruity of the travel restriction in the RFC and the jobs identified by the vocational expert, the testimony stands. The restriction was properly included in the hypothetical questions to which the vocational expert responded. The plaintiff's representative did not take the available opportunity to question the vocational expert about what the plaintiff now contends was a fatal facial inconsistency between the question and the vocational expert's responses. Without any testimony from the expert, neither the court nor the administrative law judge can reliably conclude whether or not that apparent inconsistency could in fact be

reconciled. The opportunity to establish that, one way or the other, has passed under circumstances that do not entitle the plaintiff to a second try.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of October, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge